## No. 9378.

### SOUTHERN EXPRESS COMPANY *v.* McCLELLAN.

INTERSTATE COMMERCE—*Duty of Carrier Transporting Animals.* No regulation of the Interstate Commerce Commission, nor of the Statute relieves the common carrier of responsibility of caring for animals, committed to him for transportation.

The directions upon the crate in which a dog was shipped required that the animal should be exercised "at least once each day." The carrier neglected this direction and the poor animal, being house-broke, refusing to void his urine within his domicile, contracted acute peritonitis from which he died. The carrier was liable.

*Error to Denver County Court, Hon. Ira C. Rothgerber, Judge.*

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. GEORGE O. MARRS, for plaintiff in error.

Messrs. QUAINTANCE, KING & QUAINTANCE, for defendant in error.

Opinion by Mr. Justice Allen.

THIS is an action, instituted in a justice court without pleadings, wherein the plaintiff seeks to recover damages against the defendant, a common carrier, for the loss of a dog which had been delivered to the defendant for transportation. The cause was appealed to, and tried in, the County Court, where a judgment was rendered in favor of the plaintiff. The defendant brings error.

The ultimate question presented for our determination, upon this review, is whether or not there is sufficient evidence under which the defendant may be held liable for the loss of the animal in question.

The defendant is an interstate express carrier. An agent of the plaintiff delivered the dog, in a crate, to the defendant at St. George, South Carolina, on April 16, 1917, for carriage to Denver, Colorado. Posted on the crate was a "notice to messengers," in which the following instruction appeared: "Exercise at least once each day while en route." On April 19, 1917, while still in transit, the dog died. A witness for the defendant testified that "the dog died of acute peritonitis caused by ruptured bladder, due to retention of urine account dog being house-broke would not void in crate."

The evidence fairly shows that the instruction on the crate was not at any time complied with by the carrier, and that at no time was the dog taken out of the crate. There is evidence supporting the conclusion that the dog's death would not have occurred if the instruction had been complied with; that the dog would void the bladder if taken out of the crate, but not while confined in the crate; and that, having been thus confined constantly, in disobedience of the instruction, the result was that the animal contracted acute peritonitis, resulting in its death.

The defendant contends that the shipper's direction called for a special service, expressly forbidden by the rules of the Interstate Commerce Commission, and that, therefore, the defendant could not, and was not required to, comply with such direction.

In our opinion, the instruction in question did not demand a special service. It called for nothing more than certain care of the animal while in transit, and no unreasonable degree of attention or service was necessary in order to obey the instruction. No statute nor regulation has been pointed out which relieves the defendant, as a common carrier, of the usual responsibility of caring for animals, delivered to it for transportation, while the same are in transit. The fact that the carrier could not make a charge for a service, unless such charge is provided for in the published tariffs and classifications, does not affect the existence of the duty to render such service as is necessary to the proper care of live stock in transit. We find nothing in the record to take this case out of the rule which makes it the duty of a carrier to follow shipping directions. 10 C. J. 81, sec. 83.

The evidence is sufficient to support the judgment, and the judgment is therefore affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.

Decided November 3rd, A. D. 1919. Rehearing denied December 1st, A. D. 1919.